930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Henry BRATCHER, Plaintiff-Appellant,
v.
Terry L. MORRIS, Supt, Richard P. Seiter, Director,
Defendants-Appellees.
 No. 90-3325.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of summary judgment in favor of defendants dismissing his 42 U.S.C. Sec. 1983 civil rights action. For the following reasons, we affirm.
 
 
 2
 William Henry Bratcher is an inmate at the Southern Ohio Correctional Facility. He has been serving a life sentence in that facility since 1982. On July 9, 1986, Bratcher filed a pro se Sec. 1983 claim alleging that defendants, the Warden of the Southern Ohio Correctional Facility and the former Director of the Ohio Department of Rehabilitation and Correction, subjected him to cruel and unusual punishment in violation of his eighth amendment rights. Specifically, Bratcher alleges that he has a chronic heart condition which has been worsened by exposure to tobacco smoke from cigarettes, cigars and pipes used by other inmates. He asserts that defendants have made no attempt to segregate inmates who use tobacco products from those who do not, and that defendants provide tobacco to those inmates who cannot buy it for themselves. Bratcher claims that he attempted to be assigned to a cell with a nonsmoking inmate but was unsuccessful. Currently, Bratcher is housed in the honor cellblock without a cellmate.
 
 
 3
 On May 15, 1987, a United States Magistrate issued a recommendation that Bratcher's action be dismissed for failure to state a claim of constitutional magnitude under Sec. 1983. The court rejected the magistrate's recommendation, concluding that the issues raised by the pro se plaintiff were more appropriately addressed and resolved on summary judgment. Defendants thereafter promptly filed a motion for summary judgment.
 
 
 4
 On March 9, 1990, the district court granted defendants' summary judgment motion. The court concluded that:
 
 
 5
 Bratcher's claim of an Eighth Amendment violation lacks an arguable basis in law because society's evolving standards of decency regarding the propriety of nonsmoking areas and a smoke-free environment have not progressed to the point at which Plaintiff may maintain a Section 1983 civil rights action. Wilson v. Lynaugh, 878 F.2d 849 (5th Cir.1989); see Gorman v. Moody, 710 F. [Supp.] 1256 (N.D.Ind.1989); Martin v. Mason, No. 89-1742, slip op. (6th Cir. Feb. 13, 1989). Moreover, it is well settled that a criminal conviction authorizes a state to confine a prisoner within any of its institutions, and that prison officials must be accorded wide-ranging deference to matters of institutional security such as assignment of roommates. (Citations omitted).
 
 
 6
 On appeal Bratcher claims that the district court incorrectly applied the law of the eighth amendment in granting summary judgment to the defendants. We disagree. This circuit's earlier unpublished per curiam opinion in Martin v. Mason, No. 89-1742, slip op. (6th Cir. Feb. 13, 1989), is dispositive of the issue.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.